DAVIS, J.
The state appeals the trial court’s dismissal of a second amended information charging the appellee, Jonathon Oscar Moore, with one count of fraud involving a security interest in violation of section 817.562(2), Florida Statutes (2000). Because Moore’s actions do not constitute the charged offense as defined by section 817.562(2), we affirm the trial court’s dismissal of the second amended information.
Moore owed the law firm of Smith, Hulsey and Busey approximately $250,000 for legal fees and costs arising from the law firm’s representation of Moore. As a result, Moore executed a security agreement with the law firm, creating a security interest in Universal Beverages Holdings Corporation stock certificate # 2030. *1219 Under the security agreement Moore had no right of sale or other disposition of certificate #2030. Nonetheless, Moore executed an affidavit certifying that certificate # 2030 had been lost or stolen, and Moore was issued a replacement certificate, certificate # 2080. Thereafter, Moore exchanged certificate #2080 for three separate stock certificates, and he subsequently sold the underlying stock. The law firm, which continued to be in physical possession of certificate # 2030, had no knowledge of Moore’s actions.
Subsequently, the state charged Moore with one count of fraud involving a security interest in violation of section 817.562(2). Moore filed a motion to dismiss the information, contending that the information failed to allege this offense because he could not dispose of certificate # 2030, as it was in the law firm’s possession. The trial court granted the motion and this appeal followed.
On appeal, the state contends that Moore’s conduct constituted fraud as defined by section 817.562(2) because Moore replaced stock certificate # 2030 with stock certificate #2080 under false pretenses thereby invalidating the instrument that the law firm could use to access the pledged stock. We disagree.
Section 817.562, provides in relevant part,
(2) A person is guilty of fraud involving a security interest when, having executed a security agreement creating a security interest in personal property, including accounts receivable, which security interest secures a monetary obligation owed to a secured party, and:
[[Image here]]
(b) Having under the security agreement no right of sale or other disposition of the property, he or she knowingly secretes, withholds, or disposes of such property in violation of the security agreement.
(emphasis added). Chapter 817, Florida Statutes, does not define the terms “dispose” or “secrete”; therefore, we employ the plain and ordinary meaning of these terms. See State v. Burris, 875 So.2d 408, 410 (Fla.2004). The term “dispose” is defined to include the act of transferring an item to the control of another. Webster’s New Collegiate Dictionary 327 (1979). Likewise, “secrete” is defined as the act of concealing or secretly transferring property, particularly in an attempt to prevent creditors from finding the property. Black’s Law Dictionary 1355 (7th ed.1999).
In this case, the security agreement created a security interest in stock certificate # 2030. A stock certificate, however, is only tangible evidence of a legal right to stock. See Williams Mgmt. Enters., Inc. v. Buonauro, 489 So.2d 160, 164 n. 3-4 (Fla. 5th DCA 1986). As such, the security interest was effectively in the intangible property right to stock represented by stock certificate # 2030. Therefore, the dispositive issue is whether Moore disposed of, or otherwise withheld, the law firm’s right to the stock represented by certificate #2030. To resolve this issue we must look to chapter 678, Florida Statutes (2000), governing certificated securities, to determine whether the facts of this case gave rise to a disposition or transfer of the stock represented by certificate # 2030.[1]
*1220 Section 678.4051(1), Florida Statutes (2000), provides that an owner of a certificated security is entitled to a replacement certificate if the original certificate is lost, destroyed, or taken. After the issuance of the new certificate, however, the stock issuer must accept the original certificate, if presented by a “protected purchaser,” and then seek recovery from the person that requested the replacement certificate. Id. § 678.4051(2). A protected purchaser is one who gives value for the security, does not have notice of any adverse claim to the security, and obtains control of the stock certificate. Id. § 678.3031(1). The law firm is a protected purchaser because the stock certificate served as collateral or security for Moore’s monetary obligation to the firm, and the firm remained in actual physical possession of the certificate at all times. See First Nat’l Bank of Fla. Keys v. Rosasco, 622 So.2d 554, 555 (Fla. 3d DCA 1993). As a protected purchaser, the law firm’s right to the stock represented by certificate # 2030 is inalienable. Therefore, although Moore may have defrauded the stock issuer or committed some other criminal act, he did not commit fraud in violation of section 817.562(2) because he could not dispose or otherwise withhold the law firm’s right to the stock represented by certificate # 2030.
Accordingly, we affirm the trial court’s order dismissing the second amended information.
HAWKES, J., concurs; ERVIN, J., Dissents with Written Opinion.

. Contrary to the assertion made in the dissenting opinion, we have not read the provisions of chapter 678 in pari materia with section 817.562 so as to resolve any inconsistencies in section 817.562. Instead, we looked to chapter 678 to determine whether Moore transferred or disposed of the stock represented by certificate # 2030 within the meaning of section 817.562(2)(b).